# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**B.R.,**
**Plaintiff Below, Petitioner**

**vs.)  No. 17-0564** (Kanawha County 16-C-1540)

**West Virginia Department of**
**Health and Human Resources,**
**Bureau for Children and Families,**
**Child Protective Services,**
**Defendants Below, Respondents**

**FILED**

**May 14, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner B.R., by counsel Christopher T. Pritt, appeals the May 22, 2017, order of the Circuit Court of Kanawha County granting respondents' motion to dismiss her complaint alleging negligence.[1] Respondents West Virginia Department of Health and Human Resources ("DHHR"), the Bureau for Children and Families, and Child Protective Services, by counsel Julie Meeks Greco and Katie L. Hicklin, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in granting respondents' motion to dismiss based on qualified immunity and failing to follow this Court's requirements set forth in *Hutchison v. City of Huntington*, 198 W.Va. 139, 479 S.E.2d 649 (1996).

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2016, petitioner filed a civil complaint against the West Virginia DHHR, the Bureau for Children and Families, and Child Protective Services that alleged negligence against those entities. Specifically, petitioner alleged that, upon her removal from her parents' home in 1998 due to abuse and neglect, respondents subsequently placed her in the home of her aunt and uncle. Petitioner's complaint further alleged that between 2010 and 2013, respondents "received a plethora of reports that [she] was in imminent danger and endured abuse" while in this placement and that she self-reported her aunt and uncle's abuse to the DHHR, yet that

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

agency took no action. According to the complaint, as a result of respondents' inaction, petitioner "endured years of sexual assault, molestation, rape, and further beatings in the home of her aunt and uncle."

In February of 2017, respondents filed a motion to dismiss the complaint on the basis that they were entitled to qualified immunity. Thereafter, petitioner filed a response to the motion to dismiss. Ultimately, the circuit court granted the same, finding that petitioner's suit was barred based on respondents' qualified immunity. It is from that order that petitioner appeals.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). Moreover, we have held that

> "[t]he ultimate determination of whether qualified or statutory immunity bars a civil action is one of law for the court to determine. Therefore, unless there is a bona fide dispute as to the foundational or historical facts that underlie the immunity determination, the ultimate questions of statutory or qualified immunity are ripe for summary disposition." Syl. Pt. 1, *Hutchison v. City of Huntington*, 198 W.Va. 139, 479 S.E.2d 649 (1996).

Syl. Pt. 3, *W.Va. Reg'l Jail and Correctional Facility Auth. v. A.B.*, 234 W.Va. 492, 766 S.E.2d 751 (2014). Upon our review, we find no error in the circuit court's granting of respondents' motion to dismiss.

On appeal, petitioner argues that the circuit court erred in granting respondents' motion to dismiss because she stated a claim upon which relief could be granted and sufficient to withstand respondents' claim of qualified immunity. We do not agree. Importantly, this Court has held that

> "[i]f a public officer is either authorized or required, in the exercise of his judgment and discretion, to make a decision and to perform acts in the making of that decision, and the decision and acts are within the scope of his duty, authority, and jurisdiction, *he is not liable for negligence* or other error in the making of that decision, at the suit of a private individual claiming to have been damaged thereby." Syl. Pt. 4, *Clark v. Dunn*, 195 W.Va. 272, 465 S.E.2d 374 (1995).

*W.Va. Reg'l Jail and Correctional Facility Auth.*, 234 W.Va. at 497, 766 S.E.2d at 756, Syl. Pt. 6 (emphasis added). Indeed, in addressing the issue of qualified immunity in that case, we held that "[i]t is critical to note that respondent pled only simple negligence against the WVRJCFA; she did not plead a violation of her civil rights by the WVRJCFA or any of its officials." *Id.* at 515, 766 S.E.2d at 774. Similarly, petitioner herein pled only one cause of action against respondents; negligence.

On appeal, petitioner argues that she "did not just plead simple negligence." Instead, she argues that she pled that "the acts and omissions of defendant DHHR's employees and/or agents were within the scope of the employee and/or agent's duties, authority, and/or employment." She further argues that she pled that "as a direct and proximate result of the wrongful acts and

2

omissions of the defendant, plaintiff was repeatedly molested, raped, and otherwise abused." Finally, she argues that she generally pled that the alleged acts or omissions "were in violation of clearly established West Virginia constitutional, statutory, and legal rights . . . ."

Petitioner's complaint alleged only one cause of action. Specifically, all of the allegations petitioner levies against respondents are included under the heading "COUNT 1: NEGLIGENCE[.]" In support of her claim of negligence, petitioner alleged that respondents failed to act in the face of "independent, credible" reports of abuse and failed to protect her from this abuse. She further alleged that the DHHR had a duty to (1) keep her safe and secure, (2) timely and adequately respond to all complaints, (3) adequately train and supervise its employees, and (4) adequately staff Child Protective Service's workforce. Because petitioner argued that the DHHR breached these alleged duties, she argues that this constitutes prima facie negligence. That petitioner additionally included the broad assertion that respondents' alleged acts or omissions were in violation of "clearly established West Virginia constitutional, statutory, and legal rights" does not extend her cause of action beyond that which is plainly asserted; namely, negligence. Accordingly, we agree with the circuit court's finding that "[p]leading simple negligence, without a violation of a clearly established right, is insufficient to overcome qualified immunity."

Further, we have held as follows:

> "A public executive official who is acting within the scope of his authority and is not covered by the provisions of W. Va.Code 29-12A-1 *et seq.* [the West Virginia Governmental Tort Claims and Insurance Reform Act], is entitled to qualified immunity from personal liability for official acts if the involved conduct did not violate clearly established laws of which a reasonable official would have known. There is no immunity for an executive official whose acts are fraudulent, malicious, or otherwise oppressive." Syllabus, in part, *State v. Chase Securities, Inc.*, 188 W.Va. 356, 424 S.E.2d 591 (1992).

*W.Va. Reg'l Jail and Correctional Facility Auth.*, 234 W.Va. at 497, 766 S.E.2d at 755, Syl. Pt. 5. Here, petitioner did not allege that any acts relevant to this action were committed fraudulently, maliciously, or otherwise oppressively. Moreover, as set forth above, she failed to identify any specific law that was allegedly violated. As such, the circuit court was correct in finding that petitioner's "general allegation that the DHHR's acts and/or omissions 'were in violation of clearly established West Virginia constitutional, statutory, and legal rights of which a reasonable person would have known' fails to satisfy the . . . pleading requirement necessary to defeat the defense of qualified immunity . . . ." *See Hutchison*, 198 W.Va. at 149-50, 479 S.E.2d at 659-60 (1996) (citing *Schultea v. Wood*, 47 F.3d 1427 (5th Cir.1995) (*en banc*); *Parkulo v. W.Va. Bd. of Prob. and Parole*, 199 W.Va. 161, 483 S.E.2d 507 (1996)) ("We believe that in civil actions where immunities are implicated, the trial court must insist on heightened pleading by the plaintiff.").

Petitioner further argues that the circuit court "provided no explanation as to what constitutes a 'heightened pleading' or why the [c]omplaint did not meet this standard." We note, however, that this argument ignores the circuit court's findings below. Specifically, the circuit

court found that petitioner was required to plead something more specific than a general allegation of a violation of a law and failed to do so by not identifying any specific law allegedly violated. Moreover, petitioner argues that the circuit court failed to comply with the requirements of *Hutchison*, wherein we directed as follows:

> A plaintiff is not required to anticipate the defense of immunity in his complaint, *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923-24, 64 L.Ed.2d 572 (1980), and, under the West Virginia Rules of Civil Procedure, the plaintiff is required to file a reply to a defendant's answer only if the circuit court exercises its authority under Rule 7(a) to order one. We believe, in cases of qualified or statutory immunity, court ordered replies and motions for a more definite statement under Rule 12(e) can speed the judicial process. Therefore, the trial court should first demand that a plaintiff file . . . "a short and plain statement of his complaint, a complaint that rests on more than conclusion alone." *Schultea v. Wood*, 47 F.3d at 1433. Next, the court may, on its own discretion, insist that the plaintiff file a reply tailored to an answer pleading the defense of statutory or qualified immunity. The court's discretion not to order such a reply ought to be narrow; where the defendant demonstrates that greater detail might assist an early resolution of the dispute, the order to reply should be made. *Of course, if the individual circumstances of the case indicate that the plaintiff has pleaded his or her best case, there is no need to order more detailed pleadings*. If the information contained in the pleadings is sufficient to justify the case proceeding further, the early motion to dismiss should be denied.

198 W.Va. at 150, 479 S.E.2d at 660 (emphasis added). What petitioner fails to acknowledge is that no more detailed pleadings were required because she clearly pled her best case. In her response to respondents' motion to dismiss, petitioner again failed to set forth with sufficient particularity any specific law that was allegedly violated. Indeed, on appeal to this Court petitioner still fails to allege a single, specific law that respondents' allegedly violated. As such, it is clear that petitioner pled her best case and, accordingly, no more detailed pleadings were necessary.

For the foregoing reasons, we affirm the Circuit Court of Kanawha County's May 22, 2017, order granting respondents' motion to dismiss.

Affirmed.

**ISSUED:** May 14, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

4